**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| | : | |
| JERMAINE A. WILLIAMS, | : | |
| | : | |
| Petitioner, | : | Civil Action No. 09-1822 (DRD) |
| | : | |
| v. | : | |
| | : | **MEMORANDUM OPINION** |
| MICHELLE R. RICCI, et al., | : | |
| | : | |
| Respondents. | : | |
| | : | |

IT IS APPEARING THAT:

1.  On April 17, 2009, Petitioner filed his instant Petition for
    a writ of habeas corpus, pursuant to 28 U.S.C. § 2254(a),
    and submitted due filing fee.  See Docket Entries Nos. 1 and
    2.  In his Petition, Petitioner raised various grounds
    challenging his conviction.  See id. Docket Entry No. 1.

2.  The information contained in the Petition did not allow this
    Court to determine, with a sufficient degree of certainty
    whether the Petition was duly exhausted or timely filed.
    See id.

4.  On June 26, 2009, the Clerk docketed Petitioner's motion
    ("Motion") seeking stay of his Petition for the purposes of
    Petitioner's exhaustion of an additional challenge.  See
    Docket Entry No. 4.  The motion provided the Court with a
    more exact time-line of Petitioner's state proceedings.  See

id. at 2-3.  Specifically, Petitioner informed the Court
that:

a.    On January 4, 2002, following a jury trial (as a result
      of which Petitioner was convicted on various charges),
      Petitioner was sentenced to life imprisonment,
      rendering him ineligible for parole for thirty years.
      See id. at 2.

b.    Petitioner's direct appeal of his conviction and/or
      sentence was dismissed by the Superior Court of New
      Jersey, Appellate Division, on February 26, 2004, and
      the Supreme Court of New Jersey denied Petitioner
      certification, as to his direct appeal, on September
      10, 2004.  See id.

c.    According to the Motion, Petitioner filed his
      application for post-conviction relief ("PCR") on
      December 9, 2006, that is, more than two years after
      the Supreme Court of New Jersey denied him
      certification as to his direct appeal.  See id.  Yet,
      the Motion states that the Superior Court of New
      Jersey, Law Division, held a hearing and denied
      Petitioner's PCR application on October 18, 2006, i.e.,
      about two months *prior* to Petitioner's filing of his
      PCR application.  See id.

2

5.   Although the Motion is silent as to the treatment of

     Petitioner's PCR application on appellate review, the

     Petition fills this gap by stating that the Appellate

     Division affirmed the trial court's decision on September 9,

     2008, and the Supreme Court of New Jersey denied Petitioner

     certification as to his PCR application on December 10,

     2008.  See Docket Entry No. 1, at 3-4.

6.   The limitation period for a § 2254 habeas petition is set

     forth in 28 U.S.C. § 2244(d),[1] which provides in pertinent

     part:

     (1)  A 1-year period of limitations shall apply to an
          application for a writ of habeas corpus by a
          person in custody pursuant to the judgment of a
          State court. The limitation period shall run from
          the latest of--

          (A)  the date on which the judgment became final
               by the conclusion of direct review or the
               expiration of the time for seeking such
               review; . . .

     (2)  The time during which a properly filed application
          for State post-conviction or other collateral
          review with respect to the pertinent judgment or
          claim is pending shall not be counted toward any
          period of limitation under this section.

     28 U.S.C. § 2244(d).

---

     [1]  Section 2244(d) became effective on April 24, 1996 when
the Antiterrorism and Effective Death Penalty Act of 1996
("AEDPA") was signed into law.  See Burns v. Morton, 134 F.3d
109, 111 (3d Cir. 1998); Duarte v. Hershberger, 947 F. Supp. 146,
147 (D.N.J. 1996).

3

Thus, pursuant to § 2244(d), evaluation of the timeliness of

a § 2254 petition requires a determination of, first, when

the pertinent judgment became "final," and, second, the

period of time during which an application for state

post-conviction relief was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the

meaning of § 2244(d)(1) by the conclusion of direct review

or by the expiration of time for seeking such review,

including the 90-day period for filing a petition for writ

of certiorari in the United States Supreme Court.  See

Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris

v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct.

R. 13.

7.   The limitations period is statutorily tolled, however,

during the time a properly filed application for state

post-conviction relief is pending. See 28 U.S.C. §

2244(d)(2). An application for state post-conviction relief

is considered "pending" within the meaning of § 2244(d)(2),

and the limitations period is statutorily tolled, from the

time it is "properly filed," then during the period between

a lower state court's decision and the filing of a notice of

appeal to a higher state court, see Carey v. Saffold, 536

U.S. 214 (2002), and through the time in which an appeal

could be filed, even if the appeal is never filed.  <u>See</u>

<u>Swartz v. Meyers</u>, 204 F.3d at 420-24.

8.    Here, the statements made by Petitioner in his Motion

suggest that the instant Petition is untimely, since

Petitioner asserts that he filed his application for PCR on

December 9, 2006, that is, twenty-seven months after

September 10, 2004 (the date when the Supreme Court of New

Jersey denied him certification as to his direct appeal),

which means that Petitioner's AEDPA statute of limitation

was triggered at the beginning of December of 2004 and

expired at the beginning of December 2005, <u>i.e.,</u> about a

year prior to Petitioner's filing of his PCR.  Which, in

turn, indicates that -- unless Petitioner can provide this

Court with valid grounds for equitable tolling for the

period spanning from early December 2005 to April 2009 --

his instant Petition is time-barred and must be dismissed.

9.    However, it appears that Petitioner's Motion contains an

inadvertent mistake as to the date of Petitioner's filing of

his PCR application.  Indeed, it appears wholly impossible

that Petitioner filed his application for PCR on December 9,

2006, but the Superior Court of New Jersey, Law Division,

held a hearing and denied that very PCR application on

October 18, 2006, <u>i.e.,</u> two months prior to Petitioner's

filing of that application.  Moreover, the Court's own

research indicates that Petitioner filed his PCR application

in 2004, specifically, on October 8, 2004.  See State v.

Williams, 2008 WL 4345452, at *3 (N.J. Super. App. Div. Sep.

25, 2008) ("On October 8, 2004, defendant filed a pro se

petition for PCR in the trial court").  Thus, if the Court's

research date is correct, then Petitioner statutorily tolled

his AEDPA limitations period by filing his PCR application,

and did so before his AEDPA period of limitations was even

triggered.  In such scenario, his period of limitations to

bring this action began running only when the Supreme Court

of New Jersey denied him certification as to his PCR

application, that is, on December 10, 2008, and will not

expire until December 9, 2009, i.e., about five months from

now.[2]  Such deducement, obviously, raises the issue of

whether grant of stay is warranted in this matter.

10.   The enactment in 1996 of a one-year limitations period for

§ 2254 habeas petitions, see 28 U.S.C. § 2244(d), however,

"'has altered the context in which the choice of mechanisms

---

[2]   The Court stresses that the Court's presumption as to
timeliness of Petitioner's instant Petition (which ensues from
the data obtained by the Court as a result of the Court's own
research) is made for the purposes of this Opinion and
accompanying Order only, and -- in no event -- this presumption
should be construed as a factual finding that the Petition filed
in this matter is timely: such finding is reserved for the
tribunal which will preside over Petitioner's § 2254 action filed
upon expiration of the stay granted in the Order accompanying
this Opinion, and this Court takes no position as to what such
finding should be.

for handling mixed petitions is to be made.'" <u>Crews v.</u>
<u>Horn</u>, 360 F.3d 146, 151 (3d Cir. 2004) (quoting <u>Zarvela v.</u>
<u>Artuz</u>, 254 F.3d 374, 379 (2d Cir.), <u>cert. denied</u>, 534 U.S.
1015 (2001)).  Because of the one-year limitations period,
dismissal of a timely-filed mixed petition may forever bar a
petitioner from returning to federal court.  "Staying a
habeas petition pending exhaustion of state remedies is a
permissible and effective way to avoid barring from federal
court a petitioner who timely files a mixed petition."
<u>Crews</u>, 360 F.3d at 151.  Indeed, the Court of Appeals for
the Third Circuit has held that "when an outright dismissal
could jeopardize the timeliness of a collateral attack, a
stay is the only appropriate course of action." <u>Crews</u>, 360
F.3d at 154.

11.  That being said, the Supreme Court set forth the limitations
of the stay-and-abeyance rule in <u>Crews</u>.

> [S]tay and abeyance should be available only in
> limited circumstances. . . .  [S]tay and abeyance
> is only appropriate when the district court
> determines there was good cause for the
> petitioner's failure to exhaust his claims first
> in state court.  Moreover, even if a petitioner
> had good cause for that failure, the district
> court would abuse its discretion if it were to
> grant him a stay when his unexhausted claims are
> plainly meritless.
>
> . . .
>
> On the other hand, it likely would be an abuse of
> discretion for a district court to deny a stay and
> to dismiss a mixed petition if the petitioner had

7

> good cause for his failure to exhaust, his
> unexhausted claims are potentially meritorious,
> and there is no indication that the petitioner
> engaged in intentionally dilatory litigation
> tactics.  In such circumstances, the district
> court should stay, rather than dismiss, the mixed
> petition. . . .  For the same reason, if a
> petitioner presents a district court with a mixed
> petition and the court determines that stay and
> abeyance is inappropriate, the court should allow
> the petitioner to delete the unexhausted claims
> and to proceed with the exhausted claims if
> dismissal of the entire petition would
> unreasonably impair the petitioner's right to
> obtain federal relief.

Rhines v. Weber, 544 U.S. 269, 277-78 (2005) (citations

omitted).

12.   However, the overall gist of the pertinent law suggests

that, when faced with an ambiguous situation, the District

Court should, out of abundance of caution, err on the side

of ensuring that the litigant's opportunity to seek federal

habeas review is preserved.  See Urcinoli v. Cathel, 546

F.3d 269, 273-76 (3d Cir. 2008) (discussing relevant

considerations); see also Gully v. Ortiz, 2007 U.S. Dist.

LEXIS 77825 (D.N.J. Oct. 19, 2007) (granting Petitioner stay

out of abundance of caution, even though Petitioner failed

to articulate clear grounds for stay, and his AEDPA period

of limitations was still running at the time the stay was

granted), certif. denied, Gully v. Ortiz, Appellate No. 07-

4503 (3d Cir. Feb. 14, 2008, mandate filed as Docket Entry

No. 19 in <u>Gully v. Ortiz</u>, Civil Action No. 06-5397 (KSH) (D.N.J.)).

13.  Here, Petitioner has approximately five months of his AEDPA

period of limitations left.  Generally, in the event

Petitioner files another PCR application (seeking to exhaust

his additional challenge) within these five months, such

filing should statutorily toll his period of limitations for

the purposes of filings another § 2254 petition after full

exhaustion of this additional challenge is undertaken.

However, this Court is mindful of the possibility that -- in

the event the state courts find that this new PCR

application is "improperly filed" -- Petitioner's AEDPA

statute of limitations might long expire by the time

Petitioner completes challenging that finding at all three

levels of the state courts.  Hence, guided by the gist of

the Court of Appeals' decision in <u>Urcinoli v. Cathel</u>, 546

F.3d 269, this Court concludes that the abundance of caution

approach appears to be proper in this matter and, for this

reason, will grant Petitioner's Motion, subject to certain

temporal limitations detailed in the Order accompanying this

Memorandum Opinion.


                                        *s/ Dickinson R. Debevoise*
                                        **Dickinson R. Debevoise**
Dated: July 6, 2009                     **United States District Judge**


9