UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JERMAINE A. WILLIAMS,<br><br>   Petitioner,<br><br> v.<br><br>MICHELLE R. RICCI et al.,<br><br>   Respondents. | Civil Action No.<br>09-1822 (DRD)<br><br><br>ORDER<br>AND NOTICE |

IT APPEARING THAT:

1. This matter was initiated upon Petitioner's filing of a <u>pro se</u> petition seeking habeas relief, pursuant to 28 U.S.C. § 2254. <u>See</u> Docket Entry No. 1. However, shortly after initiation of this action, Petitioner filed an application seeking stay of the instant matter for the period needed to exhaust certain Petitioner'S claims in the state courts. <u>See</u> Docket Entry No. 4.

2. In light of Petitioner's application, the Court issued an order and accompanying opinion granting Petitioner stay. <u>See</u> Docket Entries Nos. 5 and 6.

3. Upon the Court's issuance of the order staying the instant matter, the Clerk administratively terminated this action, subject to reopening in the event Petitioner files his amended § 2254 petition upon conclusion of exhaustion of Petitioner's claims in the state courts.

4.  However, shortly thereafter, Petitioner filed a motion notifying the Court that: (a) Petitioner changed his mind about exhausting his unexhausted claims and wished to forfeit them; and (b) he elected to seek habeas relief solely on the grounds of his exhausted claims. See Docket Entry No. 8. Petitioner, therefore, requested reopening of this matter. See id.

5.  In light of the foregoing, the Court finds it warranted to establish, with absolute clarity, the particular claims Petitioner wishes to litigate in this action. Consequently, the Court will direct Petitioner to submit an amended petition *stating only the claims Petitioner seeks to litigate in this matter*.

6.  Moreover, since Petitioner now moves for lift of stay and re-initiation of his 28 U.S.C. § 2254 action, this Court – in order to give Petitioner an opportunity to file one all-inclusive § 2254 application – is required to notify Petitioner of the consequences of filing such application under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). See Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000). Under the AEDPA, petitioners challenging the legality of their detention pursuant to a State decision must marshal in one § 2254 Application all the arguments they have to collaterally attack that decision and, except

2

in extremely limited circumstances, file this one all-inclusive Application within one year of the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review. See 28 U.S.C. § 2244(d).

IT IS, therefore, on this 25th day of October, 2010,

ORDERED that the Clerk shall reopen this matter by making a new and separate entry on the docket reading "CIVIL CASE REOPENED"; and it is further

ORDERED that, within thirty days from the date of entry of this Order, Petitioner shall file his amended all-inclusive Section 2254 petition stating only those claims that Petitioner wishes to litigate in this matter and believes to be duly exhausted at all three levels of the state court; and it is further

ORDERED that, if it Petitioner timely files his amended all-inclusive Section 2254 petition, this Court will deem such amended petition filed on the day when Petitioner submitted his original § 2254 application to his prison officials for mailing to this Court; and it is finally

ORDERED that the Clerk shall serve Petitioner a copy of this Order, together with a blank § 2254 petition form, by certified mail, return receipt requested.

*s/ Dickinson R. Debevoise*
**Dickinson R. Debevoise,
United States District Judge**
